J-A16023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE LAMONT SMITH | : | |
| | : | |
| Appellant | : | No. 958 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 10, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004740-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: July 29, 2026**

Appellant, Antoine Lamont Smith, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for persons not to possess firearms, carrying a firearm without a license,[1] and other offenses related to his flight from police. We affirm.

The relevant facts and procedural history of this appeal are as follows.

> On May 13, 2023, Officer Christopher Lewandowsky of the Borough of Churchill Police Department observed a red Ford Explorer run a red light on Buelah Road. When the Explorer made an abrupt right turn onto McCrady Road, Officer Lewandowsky activated his lights and siren in an attempt to make a traffic stop. Officer Lewandowsky observed the Explorer make a U turn, flee at a high rate of speed, and attempt a left turn on Forest Drive. When the Explorer went down a hill, Officer Lewandowsky lost visual sight of the

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

vehicle but heard squealing tires and the sound of a crash. When Officer Lewandowsky regained sight of the Explorer, it accelerated out of a yard across Forest Drive and crashed into a tree.

As Officer Lewandowsky approached the Explorer, he observed the driver, a black male wearing a white tank top and camouflage shorts, exit the car. When the officer gave verbal commands to stop, the driver fled on foot between the homes on Forest Drive. Officer Lewandowsky called dispatch and gave a description of the driver.

Officer Michael Fabrizi heard the description of the actor on the radio and saw a male matching the description running on Buelah Road towards the Penn Hills area. Officer Fabrizi was able to pull up alongside the suspect and take him into custody. When the suspect was arrested, he had very large scratches on his right shoulder, an odor of alcoholic beverages, glassy, bloodshot eyes and slurred speech. The [suspect was] taken for medical treatment.

When Officer Lewandowsky returned to the Ford Explorer, he observed a firearm in plain view and a magazine lying on the driver's side floorboard. On the back seat, the officer saw a camo backpack that contained plastic bags of suspected marijuana. Both officers identified [Appellant] as the driver of the red Explorer. Although there was an examination, no fingerprints were developed from the firearm or magazine. DNA testing was also performed but an insufficient quantity of DNA was retrieved from these items. A criminal history check revealed that [Appellant] had a prior felony conviction. State police records showed that [Appellant] did not have a license to carry.

(Trial Court Opinion, filed 9/25/25, at 2-3) (record citations omitted).

Following a bench trial, the court convicted Appellant of persons not to possess firearms, carrying a firearm without a license, and other offenses. On July 10, 2025, the court sentenced Appellant to an aggregate term of four (4) to eight (8) years' incarceration, followed by six (6) months of probation.

Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on August 4, 2025. On August 11, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following the grant of an extension, Appellant timely filed his Rule 1925(b) statement on September 15, 2025.

Appellant now raises one issue for this Court's review:

> Whether the evidence was insufficient to show [Appellant] had actual or constructive possession of the firearm found in [the] driver's side compartment of the vehicle where a front seat passenger was in the vehicle and who fled the scene and denied being in the vehicle, there was no evidence of where the firearm was situated in the vehicle immediately prior to the crash to show [Appellant] had knowledge of it or intent to control it, the vehicle was not secured for over 10 minutes after the crash occurred and [Appellant] was seen fleeing and during which multiple civilians gathered around the car and could have disturbed its contents, [Appellant] did not own the vehicle and there was evidence he did not have exclusive access to the vehicle prior to using the vehicle, and lack of evidence otherwise connecting [Appellant] with the firearm or that he had knowledge or intent to possess or exercise control over the firearm necessary to support the convictions for person not to possess firearm and/or possession of a firearm without a license?

(Appellant's Brief at 6).

On appeal, Appellant asserts that the Commonwealth failed to demonstrate Appellant's knowledge of the firearm's presence inside the car. Appellant argues that: 1) the Commonwealth did not prove how frequently Appellant used the car; 2) Officer Lewandowsky did not witness Appellant

making furtive movements inside the car; and 3) the officers did not see Appellant physically possess the firearm before he exited the car. Appellant also maintains that the officers did not pay attention to the passenger, and they could not tell whether she possessed the firearm. Further, Appellant claims that Officer Lewandowsky discovered the firearm only after he left the vehicle unattended for thirty minutes. During that time, the passenger door was open and multiple unknown people arrived at the scene. Under these circumstances, Appellant insists that he did not constructively possess the firearm. Appellant concludes that the Commonwealth presented insufficient evidence to support his convictions for persons not to possess firearms and carrying a firearm without a license. We disagree.

In reviewing a challenge to the sufficiency of evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where

the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

**Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting **Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Uniform Firearms Act provides, in relevant part, as follows:

### § 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms

#### (a)  Offense defined.—

(1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

### § 6106.  Firearms not to be carried without a license

#### (a)  Offense defined.—

(1)  Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

"When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…." ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa.Super. 2005) (quoting ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 1996)). "Constructive possession is the ability to exercise conscious control or dominion over the [contraband] and the intent to exercise that control." ***Id.*** "The intent to exercise conscious dominion can be inferred from the totality of the circumstances." ***Id.*** "Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Valette***, 531 Pa. 384, 388, 613 A.2d 548, 550 (1992).

> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa.Super. 2018), *appeal denied,* 651 Pa. 10, 202 A.3d 42 (2019) (internal citations and quotation marks omitted).

Instantly, the trial court determined that Appellant constructively possessed the firearm at issue:

> In making this determination, the [c]ourt considered the testimony and body camera footage. The [c]ourt notes that when [Appellant] saw Officer Lewandowsky activate his lights, he drove off at a high rate of speed. In an attempt to evade the police, [Appellant] drove in such a manner that

- 6 -

he lost control of the car, going off the road and crashing into a tree. After the crash, [Appellant] ran from the car, ignoring commands to stop. He fled behind houses and through a wooded area before he was apprehended on a road. While [Appellant] fled, the passenger remained in the car. Ultimately, the gun was recovered on the driver's side floorboard.

(Trial Court Opinion at 4). Our review of the record confirms this analysis.

We emphasize that police recovered the firearm from the driver's side floorboard after Appellant exited from the driver's side of the car to flee the scene. (*See* N.T. Trial, 4/7/25, at 15, 20). Despite Appellant's arguments regarding the presence of a passenger, constructive possession may be found in one or more actors where the contraband is in an area of joint control and equal access. *See Valette, supra*. Under the totality of these circumstances, the Commonwealth demonstrated Appellant's conscious control or dominion over the firearm. *See Jones, supra*. Because sufficient evidence supported Appellant's firearms convictions, we affirm the judgment of sentence. *See Sebolka, supra*.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  <u>7/29/2026</u>